UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMAR BURTON,

    Plaintiff,

v.

                                    Case No. 20-cv-12501
                                    Hon. Matthew F. Leitman

MICHIGAN DEPARTMENT
OF CORRECTIONS, *et al.*,

    Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT (ECF No. 11)

Plaintiff Lamar Burton is a state inmate in the custody of the Michigan Department of Corrections. On September 1, 2020, Burton filed this *pro se* prisoner civil rights action under 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) Burton brings claims of excessive force, deliberate indifference, and retaliation arising out of a February 2019 incident at the Macomb Correctional Facility. (*See id.*)

Burton initially named 29 Defendants in his Complaint. (*See id.*) The Court conducted an initial screening of Burton's claims under the Prison Litigation Reform Act of 1996, 42 U.S.C. § 1997e(a) (the "PLRA"), and, on October 29, 2020, it summarily dismissed Burton's claims against all but seven of the Defendants. (*See* Order, ECF No. 4.) The Court dismissed Burton's claims against, among others,

1

nurses Cope, Adray, McCoy, Smoyer, and Johnson, Warden Warren, Health Unit Manager Cooper, and Corizon Medical, Inc. (*See id.*)

Now pending before the Court is Burton's motion to alter or amend judgment. (*See* Mot., ECF No. 11.) Burton brings the motion pursuant to Federal Rule of Civil Procedure 59(e). (*See id.*) However, Burton does not attempt to show any legal or factual errors in the Court's October 29 order. Instead, he supplements the factual allegations in his Complaint, and he asserts that based on those new allegations, he should be allowed to proceed against the eight Defendants identified above that the Court dismissed in its October 29 order. (*See* Mot., ECF No. 11.) The Court will therefore construe Burton's motion as a motion to amend his Complaint and, for the purposes of resolving his motion, will consider the allegations in the motion together those that he made in his Complaint. When the Court does so, it concludes that for purposes of initial screening under the PLRA, he has stated claims against nurses Cope, Adray, McCoy, and Smoyer. Therefore, the Court will **GRANT** Burton's motion in part, **DENY** the motion in part, and **REINSTATE** Burton's claims against Defendants Cope, Adray, McCoy, and Smoyer. The Court will also **REINSTATE** Burton's retaliation claim against Defendant Warren to the extent that claim arises out Burton's transfer to another facility. The Court however declines to reinstate Burton's remaining claims against Warren, and his claims against Defendants Cooper, Johnson, and Corizon.

2

I

Federal Rule of Civil Procedure 15(a)(2) provides that leave to file an amended pleading "shall be freely given when justice so requires." "[T]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (internal quotation marks omitted) (reversing district court's denial of motion to amend complaint). *See also Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) ("Though the decision to grant leave to amend is committed to the trial court's discretion, that discretion is limited by Fed.R.Civ.P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits"). However, justice does not require leave where the proposed amendment would be futile. *See Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993) (holding a court should deny a motion to amend if the amendment would be futile).

II

A

The Court begins with Burton's new allegations against nurses Cope, Adray, and McCoy. In Burton's motion, he alleges that Cope was deliberately indifferent to a serious medical condition when she deliberately hid the severity of his post-operative arm infection by the manner in which she "measur[ed]" his wound and/or

3

infection (Mot., ECF No. 11, PageID.275.) Read together with the allegations against Cope in his Complaint, Burton asserts that Cope was acting in concert with Defendant Farris to cover up the severity of his post-operative infection. (*See id.*, PageID.275-276.)  Burton likewise alleges that nurses Adray and McCoy were deliberately indifferent to his serious medical need on February 10, 2019, when they "failed to give [him] the proper care." (*Id.*, PageID.276.  More specifically, he asserts that Adray and McCoy refused to treat his injuries because they believed that he had assaulted corrections officers. (*See id.*, PageID.276.)

When the Court considers Burton's new allegations together with the allegations he initially made against Cope, Adray, and McCoy in his Complaint, it concludes that for screening purposes under the PLRA, Burton has sufficiently asserted facts that these Defendants personally acted with deliberate indifference to a serious medical condition. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Indeed, the collective allegations against Cope, Adray, and McCoy are now like those that Burton made against Defendants Farris, Martino, Rivard, and Duncan that the Court found sufficient to survive initial screening. (*See* Order, ECF No. 4, PageID.256-257.)  For all of these reasons, the Court will **GRANT** Burton's motion with respect to Cope, Adray, and McCoy and will **REINSTATE** his deliberate indifference claims against them.

4

B

The Court next turns to Burton's new allegations against Defendant Smoyer. In his motion, Burton asserts that Smoyer retaliated against him by falsely responding to one of his grievances in a manner that ensured that he would not receive a neck brace that he asserts was medically necessary. (Mot., ECF No. 11, PageID.276-77.) Read together with the allegations in the Complaint, Burton alleges that that he was engaged in the protected conduct of filing a grievance, and that in retaliation for that conduct Smoyer took actions to prevent him from obtaining a medically necessary treatment.  For screening purposes, Burton's collective allegations against Smoyer are sufficient. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). The Court will therefore **GRANT** Burton's motion with respect to Smoyer and will **REINSTATE** his retaliation claim against Smoyer.

C

Burton next asserts in his motion that Warden Warren was at fault for the excessive force used against him during the February 2019 incident because he (Warren) failed to adequately supervise and train the corrections officers involved. (*See* Mot., ECF No. 11, PageID.276.)  Burton further insists that Warren also had actual knowledge of the retaliatory and deliberately indifferent acts of his subordinates that followed the incident, but he failed to prevent those actions.  (*See*

5

*id.*)  Finally, Burton says that Warren transferred him to a more dangerous facility in retaliation for his filing of grievances,. (*See id.*)

The bulk of Burton's allegations against Warren relate to Warren's role supervising other employees and/or Warren's failure to prevent other employees from taking actions against him.  But government officials like Warren cannot be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* or vicarious liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  Instead, a claimed constitutional violation must be based upon *active* unconstitutional behavior. *See Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  Moreover, supervisory liability cannot be based upon the mere failure to act. *See Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899.  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.  To the extent that Burton's allegations against Warren arise out of Warren's alleged failure to act and/or supervise his employees, Burton has failed to state a cognizable claim against Warren.  The Court therefore declines to reinstate these claims.

However, Burton does allege that Warren retaliated against him by actively participating in his transfer to another prison.  At this stage, for screening purposes

only, the Court is not prepared to summarily dismiss that component of Burton's retaliation claim. The Court will therefore reinstate that portion of Burton's claim against Warren. If Defendants seek dismissal of that claim, the Court will review the sufficiency of the allegations underlying the claim in the context of full adversarial briefing and motion practice.

**D**

Next, the Court declines to reinstate Burton's claims against Defendants Cooper and Johnson. In his motion, Burton alleges that Cooper and Johnson had knowledge of the wrongful acts of the other Defendants through the kites and grievances he filed, but they failed to help him and allowed the misconduct to continue. (*See* Mot., ECF No. 11, PageID.276.) But for all of the reasons stated above, Cooper and Johnson cannot be held liable under Section 1983 due to a mere failure to act. Moreover, Section 1983 liability may not be imposed simply because an employee denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Because Burton has not alleged that Cooper or Johnson engaged in any active unconstitutional conduct, the Court **DENIES** Burton's motion with respect to his retaliation claims against them.

**E**

Finally, the Court declines to reinstate Burton's claims against Corizon. In his motion, Burton asserts in conclusory fashion that Corizon failed to properly train and supervise the Defendants whom it employs. (See *id.* PageID.277.) As far as the Court can discern, Burton has not made any new factual allegations with respect to Corizon. Nor has he identified any specific policy, practice, or custom on the part of Corizon that "directly caused [him to suffer] a deprivation of federal rights." *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (quoting *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 415 (1997)). The Court therefore **DENIES** Burton's motion with respect to his claims against Corizon.

**III**

For all of the reasons stated above, Burton's motion is **GRANTED IN PART AND DENIED IN PART** as follows**:**

- The portion of the Court's October 29 order (ECF No. 4) summarily dismissing Burton's claims against Defendants Cope, Adray, McCoy, and Smoyer is **VACATED**. The Court further **VACATES** the portion of its October 29 order summarily dismissing Burton's retaliation claim against Defendant Warren to the extent that that claim arises out of Warren's alleged participation in Burton's transfer. Burton may proceed with those claims.

- The Court leaves in place the portion of the its October 29 order summarily dismissing Burton's claims against Defendants Warren to the extent that those claims arise out of Warren's failure to act and/or his supervision of other employees, and Burton's claims against Defendants Cooper, Johnson, and Corizon.  Burton may not proceed with those claims.

- The Court further directs the United States Marshal to serve the appropriate papers in this case on Defendants Cope, Adray, McCoy, Smoyer, and Warren without prepayment of the costs for such service.

In summary, the following claims remain in this action:

- Burton's retaliation and deliberate indifference claims against Defendants Cope, Adray, McCoy, Smoyer, Stemen, Freiburger, Peterson, Farris, Rivard, Martino, Duncan, and Warren (to the extent that the claim against Warren arises out of his alleged participation in Burton's transfer).

**IT IS SO ORDERED.**

Dated:  September 3, 2021

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 3, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764