UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LAMAR BURTON,<br><br>                            Plaintiff,<br><br>v.<br><br>MICHIGAN DEPARTMENT OF<br>CORRECTIONS, *et al.*,<br><br>                            Defendants. | Case No. 20-cv-12501<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO (1) GRANT DEFENDANTS STEMEN AND SMOYER'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 36), (2) GRANT IN PART AND DENY IN PART DEFENDANTS FARRIS AND MARTINO'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 45), AND (3) DENY DEFENDANT RIVARD'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 47)**

## I. Introduction

Plaintiff Lamar Burton, a parolee under the Michigan Department of Corrections' (MDOC) jurisdiction, filed this pro se civil rights action under 42 U.S.C. § 1983, about the conditions of his confinement at the Macomb Correctional Facility (MRF). ECF No. 1. Burton alleges that after a February 2019 fight, Defendants Brett Stemen, Brannon Freiburger, and Kristopher Patterson used excessive force against him; that Defendants Lisa Adray, Kim Farris, Caroline Rivard, Juliana Martino, Nelson Duncan, Kandice McCoy, Stephanie Smoyer, and Joy Cope (the "healthcare

defendants") were deliberately indifferent in treating his neck and arm injuries and withheld treatment in retaliation for filing grievances; and that Defendant Warden Pat Warren retaliated by transferring him to another prison. ECF No. 1, PageID.2-11; ECF No. 11, PageID.276; *see also* ECF No. 4, PageID.251, 253, 255, 257, 259; ECF No. 22, PageID.310-315.

The Honorable Matthew F. Leitman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 24. Defendants Stemen, Smoyer, Farris, Martino, and Rivard move for summary judgment for failure to exhaust administrative remedies. ECF No. 36; ECF No. 45; ECF No. 47. For the reasons below, the Court **RECOMMENDS** that Stemen and Smoyer's motion be **GRANTED**, that Farris and Martino's motion be **GRANTED IN PART AND DENIED IN PART**, and that Rivard's motion be **DENIED**.

II.   Analysis

A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a

2

genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To meet this requirement, an inmate must strictly comply with the grievance process provided by the prison. *Woodford*, 548 U.S. at 93-94.

3

But an inmate need only exhaust those remedies that are actually "available"; if an administrative remedy "is not capable of use to obtain relief," then § 1997e will not act as a barrier to suit. *Ross v. Blake*, 578 U.S. 632, 643 (2016).

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). "But a prisoner countering a motion alleging failure to exhaust must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Parks v. Mich. Dep't of Corr.*, No. 2:20-cv-11673, 2021 WL 3533422, at *3 (E.D. Mich. May 17, 2021), *adopted*, 2021 WL 2820984 (E.D. Mich. July 7, 2021) (internal quotation marks omitted). Summary judgment based on failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

**B.**

MDOC Policy Directive 03.02.130 has a three-step procedure that prisoners must follow to complete the administrative review process and

4

properly exhaust grievances. ECF No. 36-2; ECF No. 36-3.[1] The policy requires a prisoner to try to informally resolve the problem with the allegedly offending staff within two days of learning about the grievable issue, and then, within five days of those informal efforts, file with the grievance coordinator a Step I grievance about any unresolved issues. ECF No. 36-3, PageID.422-423, ¶¶ Q, W. The prisoner may then file a Step II grievance appeal within ten business days of receiving the Step I response or, if no response was received, within ten business days after the date the response was due. *Id.* at PageID.424, ¶ DD. The same schedule applies to a Step III appeal—it is due within ten business days of receiving the Step II response or, if no response was received, within ten business days after the date the response was due. *Id.* at PageID.425, ¶ HH. Prisoners must appeal their grievances through Step III and wait until receipt of a Step III response, or until the response is past due, before suing.

Defendants submit a certified grievance report showing that Burton filed 55 Step I grievances about the conditions of confinement at MRF.

---

[1] Burton filed grievances about his claims between February and September 2019. *See* ECF No. 36-4, PageID.434-449. Thus, two versions of the policy apply. Since both require the same grievance procedures, the Court will reference the more recent version.

ECF No. 36-4; ECF No. 36-5; ECF No. 36-6.  Defendants identified 35 grievances that involve the claims in this case.  ECF No. 36, PageID.386-396; ECF No. 45, PageID.759-762; ECF No. 47, PageID.1046.  They maintain that those grievances failed to exhaust either the excessive force claim against Stemen or the deliberate-indifference and retaliation claims against the healthcare defendants.  The Court addresses those claims in turn.

### 1.

Defendants contend that Burton failed to exhaust his excessive force claim against Stemen—though they concede that there are questions of fact whether Burton exhausted his claims against Freiburger and Patterson.  ECF No. 36, PageID.403-404.  The only grievance naming Stemen is MRF-19-07-1057-28E, which claimed that he and Freiburger gave Burton fraudulent misconduct tickets.  ECF No. 36-4, PageID.520-523.  MDOC rejected the grievance through all three steps because it was untimely and vague.  *Id.* at PageID.523.

This grievance does not exhaust the excessive force claim against Stemen for two reasons.  First, the grievance addresses an allegedly unjustified misconduct ticket rather than excessive force.  *See Ford v. Martin*, 49 F. App'x 584, 585 (6th Cir. 2002) (a plaintiff fails to exhaust

6

remedies when grievances do not involve the same issues raised in the complaint).  Second, the prison rejected the grievance based on Burton's failure to comply with procedural rules and did not address the merits.  As discussed above, exhaustion requires "proper exhaustion," meaning "compliance with an agency's deadlines and other critical procedural rules[.]"  *Woodford*, 548 U.S. at 90.  A prisoner has not exhausted his administrative remedies when his grievance is rejected for failure to comply with procedural rules.  *McCloy v. Corr. Med. Servs.*, 794 F. Supp. 2d 743, 750 (E.D. Mich. 2011).

     Burton attaches several grievance forms to his response, but none shows that he grieved Stemen's alleged use of excessive force.  MRF-19-03-0375-28e, MRF-19-03-0364-28j, and MRF-19-02-0234-28b claim that Freiburger and a coworker (later identified as Patterson) placed Burton in handcuffs and slammed him to the ground in February 2019.  ECF No. 40, PageID.713, 723, 734; *see also* ECF No. 36-4, PageID.518; ECF No. 36-6, PageID.675.  And MRF-19-03-0270-28b alleges that Freiburger later threatened Burton.  ECF No. 40, PageID.731.  None of these grievances concerns Stemen.

     Burton also submits a declaration describing Stemen's, Freiburger's, and Patterson's alleged excessive force and forms from other prisoners

7

stating that they witnessed Freiburger and Patterson slam Burton to the ground. ECF No. 40, PageID.698-699, 716-722. This evidence is irrelevant to the question of whether Burton exhausted his excessive-force claim against Stemen. Because Burton did not exhaust that claim against Stemen, it should be dismissed without prejudice.

**2.**

Defendants also argue that Burton failed to exhaust his deliberate-indifference and retaliation claims against the healthcare defendants except for Adray and McCoy. ECF No. 36, PageID.405.

Burton filed 26 grievances about his medical treatment for the injuries sustained from the alleged use of excessive force. One grievance, MRF-19-02-0244-12e, was denied on the merits through all three steps. ECF No. 36-5, PageID.631-635. That grievance asserted that the two shift nurses on duty during the February 2019 altercation—identified in the complaint as Adray and McCoy—failed to treat Burton's head and neck injuries. *Id.* at PageID.634; *see also* ECF No. 1, PageID.4. Thus, defendants concede that Burton exhausted his claims against Adray and McCoy. ECF No. 36, PageID.405.

But defendants overlook two other grievances. First, Burton claimed in MRF-19-05-0713-12i that Rivard refused to give him an arm brace with

metal rods to support his injured arm. ECF No. 36-5, PageID.572. The grievance was denied on the merits at Steps I and II. *Id.* at PageID.571-573. Only at Step III did the prison reject the grievance based on Burton's alleged failure to try to resolve the issue with staff, although this procedural defect existed at Step I. *Id.* at PageID.569. When a prison fails to enforce its procedural rules and addresses a grievance on its merits, the procedural defect is waived. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). And when, as here, a prison denies a grievance on the merits only to reject it at Step III on procedural grounds that existed at the outset, courts consider the procedural defect waived. *Sedore v. Greiner*, No. 19-10311, 2020 WL 8837441, at *7 (E.D. Mich. Sept. 21, 2020), *adopted*, 2021 WL 405987 (E.D. Mich. Feb. 5, 2021); *McBride v. Canlas*, No. 2:20-cv-212, 2021 WL 5332408, at *4-5 (W.D. Mich. Oct. 8, 2021), *adopted*, 2021 WL 5323769 (W.D. Mich. Nov. 16, 2021). Burton thus exhausted this claim against Rivard.

Second, Burton claimed in MRF 19-09-1296-27z that Martino refused to give him a neck brace or other type of neck support for use during offsite van rides. ECF No. 36-4, PageID.469. The grievance was rejected at Step I "for other issues" and as non-grievable, which was upheld at Steps II and III. *Id.* at PageID.466, 468. But a plaintiff "cannot be required to exhaust

9

administrative remedies regarding non-grievable issues." *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004). Martino argues that the grievance was rejected because it contained multiple unrelated issues. ECF No. 45, PageID.767; *see also* ECF No. 36-3, PageID.420, ¶ J(1). Yet the grievance advances one issue—Martino's alleged refusal of a neck brace. "[T]he Court is not required to blindly accept the state's application of the procedural rule," when it is inconsistent with the substance of the grievance. *See Taylor v. Wright*, No. 20-13041, 2021 WL 7448513, at *4 (E.D. Mich. Aug. 16, 2021), *adopted*, 2022 WL 476067 (E.D. Mich. Feb. 16, 2022) (internal quotation marks omitted)). Martino has not met her burden of showing that Burton failed to exhaust this grievance.

The other 23 grievances were rejected on procedural grounds through all three steps and do not show exhaustion. *See, e.g.*, ECF No. 36-4, PageID.552-555 (MRF-19-07-0975-28i rejected for failure to try to resolve with staff), PageID.524-527 (MRF-19-07-0973-28b rejected as vague); ECF No. 36-5, PageID.562-564 (MRF-19-07-0967-28b rejected as vague), PageID.607-610 (MRF-19-05-0715-28b rejected as vague); ECF No. 36-6, PageID.681-684 (MRF-19-03-0261-28b rejected as vague). Thus, while Burton exhausted claims against Adray, McCoy, Rivard, and Martino, he failed to do so against the other healthcare defendants. *See*

*McCloy*, 794 F. Supp. 2d at 750; *see also Ford v. Jindal*, No. 19-13207, 2020 WL 7391293, at *4 (E.D. Mich. Dec. 1, 2020), *adopted*, 2020 WL 7389110 (E.D. Mich. Dec. 16, 2020) ("A vague grievance, which does not comply with MDOC policy requirements, cannot provide proper exhaustion."). Thus, the claims against Smoyer and Farris should be dismissed without prejudice. And although Duncan and Cope did not move for dismissal, Burton's unexhausted claims against them should also be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B). *Coleman v. Snyder*, No. 17-11730, 2018 WL 4103364, at *2 (E.D. Mich. Aug. 29, 2018) (holding that a court "may dismiss [an] entire action based on exhaustion grounds where non-moving Defendants failed to raise exhaustion as an affirmative defense, but where Plaintiff—undisputedly—did not exhaust his administrative remedies").

Burton identifies 12 grievances challenging medical treatment provided by "healthcare," arguing that this identifier was sufficient to put Farris and Martino on notice since he was under their treatment. ECF No. 50, PageID.1054. MRF-19-09-1296-27z and MRF-19-03-0244-28a are discussed above. But the other ten grievances were rejected as procedurally defective through all three steps. ECF No. 36-4, PageID.462-465 (MRF-19-09-1297-28a rejected as duplicative), PageID.482-485 (MRF-

11

19-08-1217-28i rejected for failure to try to resolve with staff), PageID.490-493 (MRF-19-08-1171-28i rejected for failure to try to resolve with staff), PageID.494-497 (MRF-19-08-1183-28i rejected for failure to try to resolve with staff), PageID.528-531 (MRF-19-07-0972-28b rejected as vague), PageID.532-535 (MRF-19-07-0954-28i rejected as vague), PageID.458-461 (MRF-19-07-0944-28e rejected at Step III for failure to include Step II documents), PageID.540-543 (MRF-19-07-0927-28b rejected as vague); ECF No. 36-5, PageID.565-568 (MRF-19-06-0900-28b rejected as vague), PageID.623-626 (MRF-19-04-0515-28b rejected as vague).  Burton does not address this issue.

### 3.

Burton offers two more arguments in response to defendants' motions.

First, he contends that defendants prevented him from exhausting his administrative remedies through their "efforts to stop plaintiff from filing a grievance[] properly and legitimately[.]"  ECF No. 40, PageID.695; ECF No. 50, PageID.1051-1052; ECF No. 52, PageID.1067-1068.  It is true that "[a] prisoner need not exhaust remedies if they are not 'available,'" and "interference with an inmate's pursuit of relief renders the administrative process unavailable."  *Ross*, 578 U.S. at 636, 644.

But Burton submits no evidence raising a question of fact that defendants prevented him from accessing the grievance process, nor does he describe any specific acts hindering his access. He thus has failed to meet his burden of showing that defendant thwarted his efforts to file grievances. *See Riggins v. Cook*, No. 2:20-cv-110, 2022 WL 816662, at *8 (W.D. Mich. Feb. 3, 2022), *adopted*, 2022 WL 815282 (E.D. Mich. Mar. 17, 2022) ("[A] mere conclusory allegation of unavailability does not create a genuine issue of material fact sufficient to overcome summary judgment."); *Gaither v. Thompson*, No. 19-13398, 2021 WL 5411219, at *11 (E.D. Mich. Oct. 25, 2021), *adopted*, 2021 WL 5396100 (E.D. Mich. Nov. 18, 2021) ("[A]bsent any *evidence* that Defendants prevented [plaintiff] from accessing the three-step general grievance process, his argument regarding the 'unavailability' of administrative remedies is simply unfounded.").

Second, Burton vaguely asserts that he has had no chance for discovery. ECF No. 40, PageID.696; ECF No. 50, PageID.1053; ECF No. 52, PageID.1068. Burton provides no affidavit identifying what discovery is needed, as required under Rule 56(d). *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). And since exhaustion is a threshold

13

requirement, discovery on the merits of Burton's unexhausted claims is unnecessary.  *See Porter*, 534 U.S. at 529.

### III. Conclusion

The Court the Court **RECOMMENDS** that Stemen and Smoyer's motion be **GRANTED** (ECF No. 36), that Farris and Martino's motion be **GRANTED IN PART AND DENIED IN PART** (ECF No. 45), and that Rivard's motion be **DENIED** (ECF No. 47).  As explained above, the claims against, Stemen, Smoyer, Farris, Duncan, and Cope should be **DISMISSED WITHOUT PREJUDICE**.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: July 18, 2022

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are

preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 18, 2022.

s/Marlena Williams  
MARLENA WILLIAMS  
Case Manager