UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMAR BURTON,

    Plaintiff,

v.

                                  Case No. 20-cv-12501
                                  Hon. Matthew F. Leitman

MICHIGAN DEPARTMENT
OF CORRECTIONS, *et al.*,

    Defendants.

_____/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 57) TO REPORT AND RECOMMENDATION (ECF No. 54); (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION, (3) GRANTING DEFENDANTS STEMEN AND SMOYER'S MOTION FOR SUMMARY JUDGMENT (ECF No. 36); (4) GRANTING IN PART AND DENYING IN PART DEFENDANTS FARRIS AND MARTINO'S MOTION FOR SUMMARY JUDGMENT (ECF No. 45); (5) DENYING DEFENDANT RIVARD'S MOTION FOR SUMMARY JUDGMENT (ECF No. 47); AND (6) DISMISSING WITHOUT PREJUDICE CLAIMS AGAINST DEFENDANTS STEMEN, SMOYER, FARRIS, DUNCAN, AND COPE**

In this Section 1983 action, Plaintiff Lamar Burton alleges that he was subject to excessive force and constitutionally inadequate medical treatment while confined at Macomb Correctional Facility. This Court referred all pretrial matters to the Magistrate Judge assigned to this case. (*See* Referral Order, ECF No. 24.)

The following Defendants moved for summary judgment on Burton's claims against them on the basis that Burton failed to exhaust administrative remedies on

1

those claims: (1) Brett Stemen and Stephanie Smoyer (*see* Stemen & Smoyer Mot., ECF No. 36); (2) Kim Farris and Juliana Martino (*see* Farris & Martino Mot., ECF No. 45); and (3) Caroline Rivard-Babisch (*see* Rivard Mot., ECF No. 47).

On July 18, 2022, the Magistrate Judge issued a Report and Recommendation (the "R&R") in which she recommended that the Court: (1) grant Stemen and Smoyer's motion and dismiss without prejudice Burton's claims against them for failure to exhaust; (2) grant Farris and Martino's motion in part and dismiss without prejudice Burton's claims against Farris for failure to exhaust; (3) deny in part Farris and Martino's motion with respect to Burton's claims against Martino; (4) deny Rivard's motion; and (5) *sua sponte* dismiss without prejudice Burton's claims against Defendants Nelson Duncan and Joy Cope also for failure to exhaust. (*See* R&R, ECF No. 54.)

At the conclusion of the R&R, the Magistrate Judge informed the parties that if they wanted to seek review of the R&R, they needed to file specific objections with the Court within fourteen days of service. (*See id.*, PageID.1094–1095.) The Magistrate Judge further explained the requirement that the objections be specific as follows:

> If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

> Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

(*Id.*, PageID.1094–1095 (emphasis in original).)

On August 8, 2022, Burton filed the current Objections to the R&R. (*See* Objections, ECF No. 57.)  Burton asserts two objections: (1) that the Court "reconsider" the Magistrate Judge's recommendation that his claims against Duncan be dismissed; and (2) that the Court also "reconsider" the recommendation that his claims against Farris and Cope be dismissed. (*Id.*, PageID.1100.)  Burton attaches to his Objections three declarations of his own in support of his claims (*see* Decls., ECF No. 57, PageID. 1101–1102, 1134–1135, 1146–1147), and an assortment of records allegedly pertaining to his claims.

The Court **OVERRULES** Burton's objections.  Burton's Objections fail to "specify precisely the provision of th[e] report and recommendation to which [they] pertain[]." (R&R, ECF No. 54, PageID.1095.)  Indeed, the Objections and declarations filed in support do not appear to discuss exhaustion – the basis of the

3

Magistrate Judge's R&R – at all. Instead, construed generously, Burton's Objections appear only to request a general reconsideration of the R&R on the sole basis that his claims against Duncan, Farris, and Cope are meritorious. But, Burton has made no effort to demonstrate that any aspect of Magistrate Judge's reasoning on the exhaustion issue is erroneous. These generalized objections do not provide a basis for relief. As the Sixth Circuit has explained:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec. of Health and Human Svs.*, 932 F.2d 505, 509 (6th Cir. 1991). Thus, where, as here, objections to a report and recommendation are "conclusory" and do "not specifically address how the report's factual and legal recommendations were incorrect," the objections are insufficient. *Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482 (6th Cir. 2001) (holding that plaintiff had "waived any challenge to the district court's conclusions" because his objections to report and recommendation did not specifically address the Magistrate Judge's reasoning); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy

4

the requirement that an objection be filed"). Simply put, because Burton has not specifically addressed the Magistrate Judge's reasoning or legal analysis on the exhaustion issue in any detail, his objections are **OVERRULED**.

No other party filed any objections to the R&R. Nor has any other party contacted the Court to ask for additional time to file objections. The failure to object to an R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). In addition, the failure to file objections to an R&R waives any further right to appeal. *See Howard*, 932 F.2d 505; *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED THAT**:

- Burton's Objections (ECF No. 57) to the R&R are **OVERRULED**;
- The recommended disposition of the R&R is **ADOPTED**;
- Defendants Stemen and Smoyer's motion for summary judgment (ECF No. 36) is **GRANTED**;
- Defendants Farris and Martino's motion for summary judgment (ECF No. 45) is **GRANTED IN PART AND DENIED IN PART**;
- Defendant Rivard's motion for summary judgment (ECF No. 47) is **DENIED**; and
- Burton's claims against Stemen, Smoyer, Farris, Duncan, and Cope are **DISMISSED WITHOUT PREJUDICE.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated: August 9, 2022                UNITED STATES DISTRICT JUDGE

   I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 9, 2022, by electronic means and/or ordinary mail.

            s/Holly A. Ryan
            Case Manager
            (313) 231-5126