UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LAMAR BURTON,<br><br>                      Plaintiff,<br><br>v.<br><br>MICHIGAN DEPARTMENT OF<br>CORRECTIONS, *et al.*,<br><br>                      Defendants. | Case No. 20-cv-12501<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT WARREN'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 66)**

**I.    Introduction**

Plaintiff Lamar Burton, a parolee under the Michigan Department of Corrections' (MDOC) jurisdiction, filed this pro se civil rights action under 42 U.S.C. § 1983 about the conditions of his incarceration.[1] ECF No. 1. Along with claims against other defendants, Burton alleges that Defendant Warden Pat Warren retaliated against him in violation of the First Amendment by transferring him to another prison. ECF No. 1, PageID.2-11; ECF No. 22, PageID.308. Warren moves for summary judgment for

---

[1] The Honorable Matthew F. Leitman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 24.

failure to exhaust administrative remedies. ECF No. 66. The Court **RECOMMENDS** that Warren's motion be **GRANTED**.

## II. Analysis

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To meet this requirement, an inmate must strictly comply with the grievance process provided by the prison. *Woodford*, 548 U.S. at 93-94. But an inmate need only exhaust those remedies that are actually "available"; if an administrative remedy "is not capable of use to obtain relief," then § 1997e will not act as a barrier to suit. *Ross v. Blake*, 578 U.S. 632, 643 (2016).

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). "But a prisoner countering a motion alleging failure to exhaust must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Parks v. Mich. Dep't of Corr.*, No. 2:20-cv-11673, 2021 WL 3533422, at *3 (E.D. Mich.

May 17, 2021), *adopted*, 2021 WL 2820984 (E.D. Mich. July 7, 2021) (cleaned up). Summary judgment based on failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

**B.**

MDOC Policy Directive 03.02.130 has a three-step procedure that prisoners must follow to complete the administrative review process and properly exhaust grievances. ECF No. 36-2; ECF No. 36-3.[2] The policy requires a prisoner to try to informally resolve the problem with the allegedly offending staff within two days of learning about the grievable issue, and then, within five days of those informal efforts, file with the grievance coordinator a Step I grievance about any unresolved issues. ECF No. 36-3, PageID.422-423, ¶¶ Q, W. The prisoner may then file a Step II grievance appeal within ten business days of receiving the Step I response or, if no response was received, within ten business days after the date the response was due. *Id.* at PageID.424, ¶ DD. The same schedule applies to a Step III appeal—it is due within ten business days of receiving the Step II response or, if no response was received, within ten

---

[2] Burton filed grievances against Warren in March and August 2019. Thus, two versions of the policy apply. Since both require the same grievance procedures, the Court will reference the more recent version.

4

business days after the date the response was due.  *Id.* at PageID.425, ¶ HH.  Prisoners must appeal their grievances through Step III and wait until receipt of a Step III response, or until the response is past due, before suing.

Warren cites a certified grievance report showing that Burton filed two grievances against him: MRF-19-03-0376-28i/28a and MRF-19-08-1242-28i.  ECF No. 36-4, at PageID.478-481; ECF No. 36-5, PageID.656-659.  MDOC rejected both grievances on procedural grounds through all three steps because Burton did not try to resolve the issue with Warren.  *Id*.  As discussed above, exhaustion requires "proper exhaustion," meaning "compliance with an agency's deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90.  A prisoner has not exhausted his administrative remedies when his grievance is rejected for failure to comply with procedural rules.  *McCloy v. Corr. Med. Servs.*, 794 F. Supp. 2d 743, 750 (E.D. Mich. 2011).

Burton argues that he was prevented him from exhausting his administrative remedies because of "retaliation" and Warren's alleged "manipulation" of the MDOC grievance policy.  ECF No. 76, PageID.1227-1228.  It is true that "[a] prisoner need not exhaust remedies if they are not 'available,'" and "interference with an inmate's pursuit of relief renders the

5

administrative process unavailable." *Ross*, 578 U.S. at 636, 644.  But Burton's argument is conclusory, as he describes no specific acts hindering his access to the grievance process.  He has thus failed to meet his burden of showing that Warren thwarted his efforts to file grievances.  *See Riggins v. Cook*, No. 2:20-cv-110, 2022 WL 816662, at *8 (W.D. Mich. Feb. 3, 2022), *adopted*, 2022 WL 815282 (W.D. Mich. Mar. 17, 2022) ("[A] mere conclusory allegation of unavailability does not create a genuine issue of material fact sufficient to overcome summary judgment.").

### III.   Conclusion

The Court **RECOMMENDS** that Warren's motion be **GRANTED** (ECF No. 66).

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: January 17, 2023

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal

is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 17, 2023.

s/Marlena Williams<br>
MARLENA WILLIAMS<br>
Case Manager