UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMAR BURTON,

    Plaintiff,

v.

                                                     Case No. 20-cv-12501
                                                    Hon. Matthew F. Leitman

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.

_____/

**ORDER (1) SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF LAMAR BURTON'S OBJECTIONS (ECF No. 129) TO REPORT AND RECOMMENDATION (ECF No. 128), (2) GRANTING DEFENDANT MARTINO'S MOTION FOR SUMMARY JUDGMENT (ECF No. 106), AND (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS FREIBURGER, PATTERSON, ADRAY, McCOY, AND RIVARD-BABISCH'S MOTION FOR SUMMARY JUDGMENT (ECF No. 110)**

Plaintiff Lamar Burton is a former state prisoner who at all relevant times was incarcerated at the Macomb Correctional Facility ("MRF"). In this *pro se* civil-rights action, Burton brought several claims against various employees of the MRF. Three categories of claims remain before the Court. First, Burton claims that Defendants Brannon Freiburger and Kristopher Patterson used excessive force and injured his arm when they subdued him during an incident in the MRF recreation room (the "Excessive Force Claims"). Second, Burton says that Defendants Lisa Adray, James McCoy, Caroline Rivard-Babisch, and Juliana Martino were

1

deliberately indifferent to his serious medical needs (the "Deliberate Indifference Claims"). Finally, Burton asserts that Adray, McCoy, and Rivard-Babisch retaliated against him by refusing to provide him medical care (the "Retaliation Claims").

All Defendants have now moved for summary judgment on Burton's claims. (*See* Martino Mot., ECF No. 106; Freiburger, Patterson, Adray, McCoy, and Rivard-Babisch Mot., ECF No. 110.) On November 13, 2023, the assigned Magistrate Judge issued a Report and Recommendation in which she recommended that the Court grant Martino's motion and grant in part and deny in part the motion filed by Defendants Freiburger, Patterson, Adray, McCoy, and Rivard-Babisch (the "R&R"). (*See* R&R, ECF No. 128.) More specifically, the Magistrate Judge recommended that the Court grant summary judgment with respect to the Deliberate Indifference Claims and the Retaliation Claims but deny summary judgment with respect to the Excessive Force Claims. (*See id.*)

Burton has filed timely objections to the R&R. (*See* Objections, ECF No. 129.) For the reasons explained below, the objections are **SUSTAINED IN PART AND OVERRULED IN PART**.

I

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo*. *See* Fed.R.Civ.P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004).

2

The Court has no duty to conduct an independent review of the portions of the R&R to which a party does not object. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). In addition, the failure to file objections to an R&R waives any further right to appeal. *See Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Here, Defendants Freiburger and Patterson did not object to the Magistrate Judge's recommendation that the Court deny their summary judgment motion with respect to the Excessive Force Claims. Likewise, Burton did not object to the Magistrate Judge's recommendations that the Court (1) grant summary judgment in favor of the Defendants with respect to the Deliberate Indifference Claims and (2) grant summary judgment in favor of Defendants Adray and McCoy with respect to Retaliation Claims. The Court therefore **ADOPTS** the recommended disposition of the R&R with respect to those claims.

## II

### A

The Court now turns to Burton's objections to the R&R. Burton first appears to object to the Magistrate Judge's treatment of the Excessive Force Claims. (*See* Objections, ECF No. 129, PageID.2691-2693.) However, as explained above, the Magistrate Judge ruled in Burton's favor on those claims, and the Court will allow

3

those claims to proceed to trial. Accordingly, Burton's objection related to the Magistrate Judge's treatment of the Excessive Force Claims is **OVERRULED**.

**B**

Second, Burton objects to the Magistrate Judge's recommendation that the Court grant summary judgment to Defendant Rivard-Babisch on the Retaliation Claim. (*See id.*, PageID.2689-2691.) In order to better understand this objection, the Court starts with the unusual procedural history of this claim.

Burton contends that Rivard-Babisch retaliated against him in two respects: (1) Rivard-Babisch declined to provide him a new arm brace with a metal rod after his previous arm brace was stolen and (2) Rivard-Babisch refused to provide him treatment for an infection he had in his arm. (*See* Compl., ECF No. 1, PageID.6-10.) More than a year ago, on May 23, 2022, Rivard-Babisch filed a motion for summary judgment in which she argued, as relevant here, that she was entitled to summary judgment on both components of Burton's Retaliation Claim because he had not exhausted his administrative remedies with respect to either component. (*See* Mot., ECF No. 47, PageID.1046.)

The Magistrate Judge addressed Rivard-Babisch's exhaustion arguments in a report and recommendation dated July 18, 2022 (the "July 2022 R&R"). (*See* July 2022 R&R, ECF No. 54.) The Magistrate Judge first concluded in the July 2022 R&R that Burton had exhausted the component of his retaliation claim against

Rivard-Babisch related to his arm brace. (*See id.*, PageID.1088-1089.) Then, in the analysis section of the July 2022 R&R, the Magistrate Judge appeared to conclude that Burton had *not* exhausted his retaliation claim arising out of his arm infection, and the Magistrate Judge seemed to suggest that Rivard-Babisch should be granted summary judgment on that component of the retaliation claim brought against her. (*See id.*, PageID.1090-1091.) Thus, the content of the analysis section of the July 2022 R&R suggested that Rivard-Babisch was entitled to summary judgment on at least one of the components of the Retaliation Claim.

However, the final and formal recommendation section of the July 2022 R&R diverged from the analysis section of the R&R. That section formally recommended to the Court that it deny summary judgment on the *entirety* of the retaliation claim against Rivard-Babisch. (*See id.*, PageID.1094.) Rivard-Babisch did not file any objections to the final recommendation in the July 2022 R&R that the Court deny her exhaustion motion, and the Court entered an order adopting the disposition proposed by the Magistrate Judge on August 9, 2022. (*See* Order, ECF No. 54.) In other words, the Court entered an order *denying* summary judgment to Rivard-Babisch on *both* components of the retaliation claim against her, and both components of the claim were therefore alive in the case as discovery moved ahead.

Following discovery, Rivard-Babisch moved for summary judgment. (*See* Mot., ECF No. 110.) Her motion proceeded on the inaccurate premise that the Court

5

had already entered summary judgment in her favor on the component of the Retaliation Claim relating to the arm infection.[1] Indeed, she addressed only Burton's claim that she retaliated against him when she declined to replace his arm brace. (*See id.*, PageID.1750-1753.)

On November 13, 2023, the Magistrate Judge issued the R&R on Rivard-Babisch's motion. Before turning to Rivard-Babisch's arguments on the portion of the Retaliation Claim related to the arm brace, the Magistrate Judge noted that the component of the Retaliation Claim relating to the arm infection was no longer before the Court because the Court had previously adopted the July 2022 R&R. (*See* R&R, ECF No. 128, PageID.2663 at n.2.) For the reasons explained above, that conclusion was not correct.

The Magistrate Judge then turned to Rivard-Babisch's argument that she was entitled to summary judgment on the component of the Retaliation Claim relating to the arm brace. The Magistrate Judge recommended that the Court grant summary judgment in favor of Rivard-Babisch on that component of the claim. (*See id.*, PageID.2685-2686.) The Magistrate Judge concluded that Burton had "fail[ed] to

---

[1] The Court does not fault Rivard-Babisch for erroneously concluding that the component of the Retaliation Claim concerning the arm infection was no longer alive in the case. Under the unusual circumstances of this case, that confusion was understandable.

rebut" Rivard-Babisch's evidence that she had a "non-retaliatory motive" for refusing to replace the brace. (*Id.*)

Burton thereafter filed objections to the R&R. (See Objections, ECF No. 129.) In his objections, Burton did not object to the Magistrate Judge's conclusions related to his claim about the arm brace. But he did object to the portion of the R&R in which the Magistrate Judge said that the component of the Retaliation Claim relating to the arm infection was not part of the case. (*See id.*, PageID.2869.) Burton insisted that he did exhaust that claim and that it should remain in the case: "I would like to object because Plaintiff did exhaust[] his retaliation claims against [Rivard-Babisch] base[d] on her refusal to give him treatment on 7/9/19 when he had a very severe infection on his right arm." (*Id.*)

Due to the unique procedural posture of this claim, the Court will **SUSTAIN IN PART** Burton's objection. More specifically, the Court sustains the objection to the extent that Burton is complaining that (1) the component of his Retaliation Claim relating to his arm infection has not been adjudicated and remains alive in this action and (2) the Court should not now enter a final judgment against him on that component of the claim. The Court concludes that the proper course of action here would be to permit Rivard-Babisch to file a renewed motion for summary judgment on that component of the Retaliation Claim – in which she may present all of her arguments, including failure to exhaust and merits arguments. Burton may then

7

oppose the motion and file objections to the Magistrate Judge's proposed disposition, if necessary and appropriate.

Nothing in this order is meant to suggest that the Court disagrees in any respect with the Magistrate Judge's analysis of whether Burton properly exhausted the component of his Retaliation Claim related to his arm infection. And the Magistrate Judge is free to again recommend dismissal on that basis. The Court has no current view either way on that issue.

### III

For all of the reasons explained above, **IT IS HEREBY ORDERED** that Burton's objections (ECF No. 129) to the R&R (ECF No. 128) are **OVERRULED IN PART AND SUSTAINED IN PART**. The objections are **OVERRULED** with respect to Burton's objections related to the Excessive Force Claims. The objections are **SUSTAINED IN PART** with respect to Burton's objections related to the Retaliation Claim against Defendant Rivard-Babisch.

**IT IS FURTHER ORDERED** that Martino's motion for summary judgment (ECF No. 106) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Freiburger's, Patterson's, Adray's, McCoy's, and Rivard-Babisch's motion for summary judgment (ECF No. 110) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** with respect to the Deliberate Indifference Claims brought against

8

Adray, McCoy, and Rivard-Babisch and **GRANTED** with respect to the Retaliation Claims brought against Adray and McCoy.  It is further **GRANTED** with respect to the component of the Retaliation Claim brought against Rivard-Babisch arising out of her alleged refusal to replace Burton's arm brace.  The motion is **DENIED** with respect to the Excessive Force Claims brought against Freiburger and Patterson and **DENIED** with respect to the component of the Retaliation Claim brought against Rivard-Babisch relating to her alleged refusal to treat Burton's arm infection.

Finally, the Court grants Rivard-Babisch **LEAVE** to file a final summary judgment motion addressing the remaining component of the Retaliation Claim brought against her.  That motion shall be filed by no later than **January 22, 2024**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 5, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 5, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

9