UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMAR BURTON,

                         Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

                         Defendants.

Case No. 20-cv-12501
Honorable Matthew F. Leitman
Magistrate Judge Elizabeth A. Stafford

---

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT RIVARD-BABISCH'S MOTION FOR SUMMARY
JUDGMENT (ECF NO. 131)**

---

## I.    Introduction

Plaintiff Lamar Burton, a parolee under the Michigan Department of
Corrections' (MDOC) jurisdiction, filed this pro se civil rights action under
42 U.S.C. § 1983, alleging constitutional violations during his incarceration
at the Macomb Correctional Facility.  ECF No. 1.  Defendant Caroline
Rivard-Babisch moves for summary judgment.  ECF No. 131.  The
Honorable Matthew F. Leitman referred the motion to the undersigned for a
report and recommendation (R&R) under 28 U.S.C. § 636(b)(1)(B).  ECF

No. 132.  The Court **RECOMMENDS** that Rivard-Babisch's motion be **GRANTED**.

## II.    Background

The Court summarized the case's factual background in its prior R&R.  ECF No. 128.  In relevant part, Burton claims that Rivard-Babisch refused to treat an infection on his arm in retaliation for his filing grievances against her.  ECF No. 1, PageID.9; ECF No. 126, PageID.2629-2630.  In July 2019, Burton had surgery on his arm for symptoms related to a gunshot wound from 2009.  ECF No. 126, PageID.2624, 2627.  The surgical site became painful a week after the surgery, so Burton suspected that it was infected.  *Id.*, PageID.2629-2630.  A corrections officer called healthcare and was told to send Burton over.  *Id.*, PageID.2630.  But when Burton arrived at healthcare, Rivard-Babisch allegedly refused to treat him.  *Id.*  Burton asserts that Rivard-Babisch was retaliating against him for filing grievances about her refusal to give him a metal arm brace.  *Id.*

Rivard-Babisch seeks summary judgment on this retaliation claim, arguing that Burton failed to exhaust administrative remedies and that he

cannot prove that she refused him treatment.  ECF No. 131, PageID.2723-2736.

### III.    Analysis

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial.  *Id.* at 324.  The Court must view the factual evidence in the light most favorable to the non-moving party.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions.  42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006).  The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  To meet this requirement, an inmate must strictly comply with the grievance process provided by the prison.  *Woodford*, 548 U.S. at 93-94.  But an inmate need only exhaust those remedies that are actually "available"; if an administrative remedy "is not capable of use to obtain relief," then § 1997e will not act as a barrier to suit.  *Ross v. Blake*, 578 U.S. 632, 643 (2016).

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence."  *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015).  "But a prisoner countering a motion alleging failure to exhaust must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so."  *Parks v. Mich. Dep't of Corr.*, No. 2:20-cv-11673, 2021 WL 3533422, at *3 (E.D. Mich.

4

May 17, 2021), *adopted*, 2021 WL 2820984 (E.D. Mich. July 7, 2021)

(cleaned up).  Summary judgment based on failure to exhaust

administrative remedies is not on the merits and thus requires dismissal

without prejudice.  *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

**B.**

MDOC Policy Directive 03.02.130 has a three-step procedure that

prisoners must follow to complete the administrative review process and

properly exhaust grievances.  ECF No. 36-3.  The policy requires a

prisoner to try to informally resolve the problem with the allegedly offending

staff within two days of learning about the grievable issue, and then, within

five days of those informal efforts, file with the grievance coordinator a Step

I grievance about any unresolved issues.  *Id.*, PageID.422-423, ¶¶ Q, W.

The prisoner may then file a Step II grievance appeal within ten business

days of receiving the Step I response or, if no response was received,

within ten business days after the date the response was due.  *Id.*,

PageID.424, ¶ DD.  The same schedule applies to a Step III appeal—it is

due within ten business days of receiving the Step II response or, if no

response was received, within ten business days after the date the

response was due.  *Id.*, PageID.425, ¶ HH.  Prisoners must appeal their

5

grievances through Step III and wait until receipt of a Step III response, or until the response is past due, before suing.

Burton filed three grievances against Rivard-Babisch: (1) MRF-19-05-0713-12i/28i, (2) MRF-19-05-0714-28a, and (3) MRF-19-07-0967-28b.[1] ECF No. 36-4, PageID.560; ECF No. 36-5, PageID.562-564, 569-574, 603-606.  Grievances 0713 and 0714 concern Rivard-Babisch's alleged denial of a metal arm brace, not her refusal to treat Burton's arm infection.  ECF No. 36-5, PageID.569-574, 603-606.  A plaintiff fails to exhaust administrative remedies when the grievance does not involve the same issues raised in the complaint.  *Ford v. Martin*, 49 F. App'x 584, 585 (6th Cir. 2002).  Thus, those grievances do not exhaust the retaliation claim stemming from Burton's arm infection.

Grievance 0967 asserts that Rivard-Babisch refused to treat Burton's arm infection in "retaliation due to past issues."  ECF No. 36-5, PageID.563.  MDOC rejected the grievance on procedural grounds through all three steps because the grievance was vague.  *Id*., PageID.562-564; ECF No. 36-4, PageID.560; *see also* ECF No. 36-3, PageID.422-423, ¶ J(1).  Burton does not dispute that it was vague.  *See* ECF No. 138.  As

---

[1] The Court refers to the grievances by their four-digit identifier (e.g., Grievance 0713).

discussed above, exhaustion requires "proper exhaustion," meaning "compliance with an agency's deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90.  And "[a] vague grievance, which does not comply with MDOC policy requirements, cannot provide proper exhaustion."  *Ford v. Jindal*, No. 19-13207, 2020 WL 7391293, at *4 (E.D. Mich. Dec. 1, 2020), *adopted*, 2020 WL 7389110 (E.D. Mich. Dec. 16, 2020); *see also McCloy v. Corr. Med. Servs.*, 794 F. Supp. 2d 743, 750 (E.D. Mich. 2011).  Grievance 0967 does not exhaust the retaliation claim at issue.

Burton argues that he exhausted his retaliation claim in MRF-19-08-1171-28i.  ECF No. 138, PageID.2789; *see also* ECF No. 129, PageID.2689, 2700-2701.  Grievance 1171 alleges that healthcare staff retaliated against Burton by failing to respond reasonably to his arm infection.  ECF No. 36-4, PageID.492.  The grievance was rejected at all three steps because Burton failed to attempt to resolve the issue with the staff member.  *Id.*, PageID.490-493.  Again, Burton failed to exhaust the claim because he did not comply with this procedural requirement.  *See McCloy*, 794 F. Supp. 2d at 750.

## IV.    Conclusion

The Court **RECOMMENDS** that Rivard-Babisch's motion be

**GRANTED** (ECF No. 131).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 2, 2024

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the

8

objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 2, 2024.

<u>s/Marlena Williams</u>
MARLENA WILLIAMS
Case Manager

9